May it please the Court. My name is Wayne Young. I represent the appellant Beltran in this case. Beltran was arrested for arranging the sale of methamphetamine to an informant. He went to trial on an entrapment defense and was convicted. There are two issues on appeal relating to the admission of evidence. The first one is whether evidence rule 404B was violated by the admission of evidence that Beltran's brother was arrested for transporting methamphetamine seven months earlier in Colorado. Under 404B, in an entrapment case, evidence of other crimes is admissible to prove predisposition if there is a sufficient link between the prior act and the current offense. Our position in this case is that the link between his brother and Beltran is too attenuated to survive 404B. The remote in time, there's more than seven months between the acts. The remote in geography, Beltran's crime occurred in L.A., his brother in Colorado. Different in nature, his brother's case was transporting. Beltran arranged for a hand-to-hand sale to an informant. According to the informant, whose narcotics was the brother transporting? The informant said it was Beltran's. So therefore, it's not such a tenuous connection, is it? Well, the informant is someone who is looking at a 50-year sentence and working for the government. That's a matter to argue to the jury, not to us. Well, I think it's part of the picture of the link. That's certainly in the government's favor that this informant did say that it was Beltran's. If that's true, doesn't that make Beltran a co-conspirator to the crime in Nebraska? He certainly wasn't alleged in any way, shape, or form. These were two separate crimes. Under other crimes' evidence, you don't have to be formally charged before that evidence can be introduced. That's correct. Couldn't he have been charged? Is there a possibility he could have been charged in Nebraska as a co-conspirator to his brother's acts? Theoretical possibility, certainly. But really, the essential point, apart from these remoteness in geography and time, is the evidence linking this to Beltran really wasn't clear and convincing. It was primarily from the informant. And there were some other things, the fact that his brother had his card. But, you know, Beltran had an auto repair shop, so the fact that his brother had his own brother's card, really. There was also a fairly good list of cars that bore Iowa plates that were titled in the name of a cousin, I believe. That's correct, Your Honor. And so there were quite a few links here to suggest that the number of cars that had been purchased and that were involved both in Los Angeles and in Nebraska, that there was a connection between those, wasn't there? Well, for an auto dealer, it's perhaps not nearly as suspicious as it would be for someone who didn't have an auto business. But he's got someone, he's got cars going around the country. So, you know, that's the explanation for that. But, you know, almost all the times you see 404B evidence comes in, it's a prior conviction of the defendant, not his brother. It's prior conduct of the defendant, not someone else. And I think that is the essential point on the 404B issue that creates the attenuation. The second issue is whether evidence rule 704B was violated by the admission of expert testimony that Beltran had prior experience of drug trafficking. The expert testified in this case that Beltran had prior experience. Now, it's clearly the case that under – well, generally, you can have expert testimony on the ultimate issue. But 704B limits that if it's a mental state issue, whether an element of the offense or defense. So here – Where in the testimony did the expert say that Beltran had prior experience? At pages 227 and 228, Your Honor. That's of the excerpts of record? Of the excerpts of record. And Mr. McGahan asked the question, do you have an opinion on page 227 as to whether or not the person identified as Beltran had prior experience in drug trafficking? And he said and explained his reasons for it, yes, on the next page, 228. So experts can clearly testify that. A novice wouldn't be allowed to engage in a drug deal in this case. Or an expert can testify that this fits the pattern of a distributor or not for personal use. But where you go over the line on that 704B limit is when you testify that this defendant had predisposition. Now, he never said the word predisposition. Did he? Excuse me? He didn't say predisposition. He did not say the word – He said that in order to be entrusted with this amount of drugs, the guy had to have some prior experience. But I think he said he had prior experience. And there's two elements to – if he testified that – But that's different than predisposition, isn't it? It is, Your Honor. But it still violates the rule. And here's why. If he testified he had predisposition, that violates 704B. But the test under the Gonzales case cited by Mr. McGahan is, if you testify that he had the mental element, are you testifying to something from which it necessarily follows, something which compels the ultimate conclusion? That also violates 704B. So to testify that he engaged in prior drug deals is – from that it necessarily follows. It is compelled that he was predisposed and that was fatal to the entrapment defense. So I think if you look at the cases on 704B, it's either if you testify that the person had the mental state or you testify to something from which it necessarily follows. That's the dividing line. And by saying that Mr. Beltran had prior experience, that was what goes over the line. And those are the two points I wanted to make. Without further questions, I'll reserve my time.  Thank you, counsel. Good morning, and may it please the Court. I'm Robert McGahan. I'm an assistant United States attorney. I represent the United States in this action. Let me first deal with the first issue concerning the linkage between the arrest of Mr. Luis Cortez Beltran outside of Omaha, Nebraska, and its relevance to the entrapment defense here. I think, as Judge Duffy pointed out, the testimony at trial – this is at Government's Excerpt of Record, page 71 – is that the confidential source clearly testified that the defendant admitted that he had sent his brother to Nebraska with a load of drugs that belonged to him. That was seven months prior to the time at which he arranged the distribution of one pound of pure methamphetamine. It seems to us that if the test is whether or not there was sufficient evidence, and the test is drawing all inferences in the light most favorable to the government in this case, that this Court has to conclude that there was sufficient evidence in the court below that there was a sufficient linkage between that transaction. Not only, Judge Bybee, could he have been charged as a co-conspirator, he could have been charged as an aider and a better in the case involving Mr. Luis Cortez Beltran. I think that that should end the matter. In United States v. Simtob, this Court held that it was not error to introduce evidence of drug trafficking eight years prior to the time at which the defendant had been apprehended. I do want to note one thing for the record. The government has argued in its answering brief that the test is whether or not there was clear and convincing evidence of the defendant's actions – I'm sorry, the other act, that the defendant was involved in the other act. We did that because that's the test that is set forth in U.S. v. Simtob. As a matter of fact, I believe that that test is in conflict with other cases involving 404B from the circuit as well as the Supreme Court. Simtob was decided in 1990. In 1988, the Supreme Court decided Huddleston v. United States, in which it held that in deciding on the threshold admissibility of evidence under 404B, the Court only need find a preponderance of the evidence. And I only point that out to this Court because, as far as I know, Simtob has never been overruled, but I do believe it's in conflict with other 404B cases, both subsequent to the decision in Simtob and the Supreme Court. Let me deal with the issue of the expert. The expert, as Judge Nelson correctly noted, never testified that, I believe, that this defendant had the mental state to distribute drugs. He testified to conduct. He testified to facts, which is prior experience. The district court specifically relied on this Court's decision in United States v. Figueroa-Lopez, in which it held that it was permissible for an expert to testify as to conduct. And that's exactly what Agent Marzullo did. The test for this Court in determining whether or not there was error in the trial court is whether or not the district court abused its discretion in admitting the testimony of Agent Marzullo as an expert. And on this record, I simply cannot see how the district court abused its discretion when it permitted Agent Marzullo to testify to facts, which is conduct. So how do you explain the testimony on 227? Can the agent testify as to what Beltran did? In other words, I understand that he can come in and say, in general my experience is that people in Los Angeles aren't entrusted with, you know, 10 pounds of meth or 100 pounds of marijuana unless they have substantial experience, because that's a huge amount. And that's just not the way that people generally conduct business. But how can he speak to the specific conduct at issue here? I'm not sure I quite understand the question, Judge Breyer. Are you saying I believe that what Agent Marzullo ---- The agent doesn't have any direct information about Beltran, right? Well, he doesn't, in a sense, Your Honor. He's relying upon the transcripts. Agent Marzullo specifically relied upon the transcripts. Okay. He's basically being put a hypothetical. He doesn't know Beltran. That's correct. He's not tracking Beltran. He hasn't fingerprinted him. He wasn't listening in on his conversations or anything else. He has no personal information about Beltran. That's correct. He's been given a profile and said, in this situation, if you had somebody who did X, Y, and Z, would it be likely that somebody would not have any experience dealing drugs if they were dealing in quantities this large? That's correct. So what Agent Marzullo testified to was facts. Did this person have prior experience in dealing drugs? Now, I think the flaw in the different ---- But how can he ---- That's my question. Can the agent say, yes, based on what you told me, this person had prior experience? Isn't it all he can say is, in my experience, it is more likely than not, or it is highly unlikely that somebody like Beltran would have been able to do this? I'm not sure I appreciate the fine distinction that you're drawing, Judge Bybee. What he is saying is, in my opinion, and that's all he's offering is an opinion. He's not up there testifying that, in fact, he absolutely did have experience. He's offering his opinion that this appears to me to be a person who has had experience, based upon his familiarity with drug terminology, based upon Agent Marzullo's familiarity with how large drug trafficking organizations act. What this Court decided was permissible in Figueroa-Lopez is that an expert can testify to conduct. The expert, the way opinion, the way opinion that was offered in Figueroa-Lopez was that based upon the law enforcement agent's understanding of what the defendant in that case did, it appeared to him that that person had experience. And I quote from this Court's opinion, it appears virtually certain had the government opted to do so, the expert witness could have been formally qualified as an expert. I'm sorry, the way opinion witness could have been formally qualified as an expert on the dispositive issue of whether Lopez's behavior suggested that he wasn't experienced as contrasted with a fledgling drug trafficker. I think that opinion was entirely true. Alitoson Yeah. Of course, the key word there is suggested. Fisher But in offering an opinion, I don't think the expert is doing anything other than making a suggestion. He's simply offering an opinion that, in his view, the conduct suggests that Beltran had had prior experience. But even if the Court has some issue with whether or not he went too far and should have went overboard and should have said, well, it suggests to me, instead of offering a formal opinion that I believe this happened, he's still not testifying to mental state. Just because this person was an experienced drug trafficker does not necessarily mean that at that time on April 2nd, 2003, the defendant had the predisposition at that time. The jury could have simply concluded, well, I agree. He has experience in drug trafficking, but I'm not persuaded that on April 2nd, 2003, he had the predisposition on that date. So I think the defendant is wrong to say that when he offered the opinion that the person had experience, that unequivocally, without question, established that the expert was testifying to the mental state of the defendant. Alitoson Is any of this altered by the fact that the defense was offering an entrapment defense? I think the fact that he was offering an entrapment defense is dispositive. If the defense had not interposed an entrapment defense, it is highly unlikely that we would have bothered to call the expert in the first place. But when the defense put on an entrapment defense, that imposed an additional burden on the government to prove beyond a reasonable doubt that on April 2nd, 2003, he was predisposed to commit the crime. And in light of that, I think it was only fair, and certainly not an abuse of discretion, for the court to conclude that the government could introduce expert testimony. Unless the panel has any further questions, I'll submit. Thank you. Mr. Young? Your Honor, Figueroa Lopez, which the government relies on, has to do with the expert testimony. It really doesn't address, as carefully as these other cases, this issue of, can you give an opinion on the ultimate issue? The two relevant cases in this circuit are Morales, which is an en banc case, 108, Fed Third, 1031. And more recently, the Gonzales case, cited in the brief, 307, F Third, 906. Those are the cases which drew this two-prong test, in which it is, it violates 704B, if you say the magic words, predisposition, or if you give testimony from which it necessarily follows that there was predisposition. I guess that's where Mr. McGinn and I fundamentally disagree. To say that this person, he, has prior experience, and you're saying that as an expert, it necessarily follows from that, that you're predisposed in an entrapment case. So in that sense, Judge Bybee, in answer to your question, the fact that it was an entrapment defense is really irrelevant, because the issue is mental state of an element, an element of an offense, or the defense. And so, the mental state defense of entrapment puts this into play. And it necessarily follows from the officer, the expert's testimony that my client was predisposed. Thank you. Thank you very much. We thank both counsel for the argument. The mental state versus bail claim will be submitted. And we will take up the next case, pension funds versus Watson Pharmaceuticals.
judges: T.G. Nelson, Bybee, Duffy